**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL BERRY, | No. 13-36108 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01494-MJP |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Senior District Judge, Presiding

Argued and Submitted July 8, 2016
Seattle, Washington

Before: TASHIMA and M. SMITH, Circuit Judges and KOBAYASHI,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

Plaintiff-Appellant Daniel Berry ("Berry") appeals the order adopting the magistrate judge's report and recommendation to affirm the decision of Defendant-Appellee Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("the Commissioner"), to deny social security disability benefits and supplemental security income benefits.

First, we decline to address Berry's argument that the administrative law judge ("ALJ") erred in failing to give him notice that, in order to prove that he could not return to his past relevant work, he had to submit written documentation that he previously held a commercial driver's license ("CDL") and that his last employer required him to have a CDL. We will not reverse an ALJ's decision based on a legal error that is harmless. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). Even assuming, *arguendo*, that the ALJ erred in failing to give Berry notice of those requirements, the error was harmless because the ALJ found at step four that Berry could not return to his past relevant work as a courier driver – as he previously performed it – because he could not perform the exertion requirements of the position. See Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (describing the five-step sequential evaluation to determine whether a claimant is disabled).

Second, the evidence that Berry presented to the Appeals Council – which the Commissioner has not refuted – suffices to show for purposes of this case that any person who is taking narcotic pain medication cannot work as a commercial driver, even if the position does not require a CDL.  The ALJ therefore erred in concluding at step four that Berry could still perform his past relevant work as a courier driver, as that job was performed in the national economy.  However, the error is harmless because of the ALJ's alternative step five finding that there were other jobs which existed in significant numbers in the national economy that Berry could perform.

Third, the ALJ did not err in adopting the previous findings regarding Berry's residual functional capacity ("RFC") because: 1) the ALJ gave "persuasive, specific, [and] valid reasons . . . that [were] supported by the record" for discounting the Veteran's Administration's disability determination; see Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010); 2) although this Court's prior opinion held that the ALJ on remand may reconsider Berry's RFC, it did not require the ALJ to do so; id. at 1234-35; and 3) the relevant legal authority supports the ALJ's conclusion that Berry's inability to pass a drug test would not preclude him from performing the other jobs that the vocational expert ("VE") testified he had the RFC to perform.

Finally, we decline to consider Berry's argument – raised for the first time at oral argument – regarding the sufficiency of the VE's testimony about the number of jobs in the national economy that the VE testified were within Berry's RFC. See Padgett v. Wright, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

AFFIRMED.